UNITED STATES MAGISTRATE COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | No. 07 CR 843 |
| OF THE UNITED STATES OF AMERICA FOR ) | Hon. Sidney I. Schenkier |
| ORDERS AUTHORIZING THE INTERCEPTION ) | Magistrate Judge |
| OF WIRE COMMUNICATIONS TO AND FROM ) | |
| CELLULAR TELEPHONE NUMBER ) | |
| (646) 421-1464, BEARING THE INTERNATIONAL ) | |
| MOBILE SUBSCRIBER IDENTITY ("IMSI") NUMBER ) | |
| 316010101278607 (**TARGET PHONE 4**); TO AND ) | |
| FROM CELLULAR TELEPHONE NUMBER ) | |
| (312) 506-7810, BEARING THE IMSI NUMBER ) | |
| 316010101829110 (**TARGET PHONE 5**); TO AND ) | |
| FROM CELLULAR TELEPHONE NUMBER ) | |
| (407) 401-6530, BEARING THE IMSI NUMBER ) | |
| 316010107137232 (**TARGET PHONE 6**); TO AND ) | |
| FROM CELLULAR TELEPHONE NUMBER ) | |
| (312) 546-1178, BEARING THE IMSI NUMBER ) | |
| 316010101903080 (**TARGET PHONE 7**); ) | |
| AND ORDERS AUTHORIZING THE REAL TIME ) | |
| SEIZURE OF CELLULAR TOWER ) | |
| LOCATION INFORMATION PERTAINING TO ) | |
| CALLS MADE TO AND FROM THE ABOVE ) | |
| CELLULAR TELEPHONES; AND ORDERS ) | |
| AUTHORIZING THE INTERCEPTION OF ORAL ) | |
| COMMUNICATIONS AND VISUAL, ) | |
| NON-VERBAL CONDUCT OCCURRING WITHIN ) | |
| THE PREMISES KNOWN AS 5740 N. SHERIDAN ) | |
| ROAD, UNIT 3E, CHICAGO, ILLINOIS. ) | |

**GOVERNMENT'S MOTION FOR AN ORDER DIRECTING
THAT CERTAIN MATERIALS BE DISCLOSED TO THE DEFENSE
PURSUANT TO A PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court for

an order directing that certain applications, orders, and affidavits be disclosed to the defendants and

defense counsel, as contemplated by Title 18, United States Code, Section 2518(9), and that certain

reports and other materials, including but not limited to materials obtained pursuant to Rule 41(b)

of the Federal Rules of Criminal Procedure and Section 1651(a) of Title 28, United States Code (the

All Writs Act), be disclosed in connection with the detention and probable cause hearings in this

case, subject to a protective order.

In support of this motion, the government states as follows:

1. Beginning December 18, 2007, eight defendants were arrested pursuant to arrest warrants issued in the above-referenced case. The arrests followed an investigation which included the interception of certain wire and oral communications pursuant to orders signed by Chief Judges James F. Holderman and Charles P. Kocoras in accordance with Title 18, United States Code, Section 2518. The investigation also involved the interception of visual, non-verbal conduct pursuant to an order signed by Chief Judge Charles P. Kocoras in accordance with Rule 41(b) of the Federal Rules of Criminal Procedure and Section 1651(a) of Title 28, United States Code (the All Writs Act).

2. Under Title 18, United States Code, § 2518(9), the contents of an intercepted wire or oral communication shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

3. In accordance with the notice requirements of Section 2518(9), the government respectfully moves this Court for an order authorizing the government to produce copies of the sealed applications and related orders dated March 8, 2006; April 19, 2006; July 18, 2006; August 22, 2006; and October 19, 2006 authorizing the interception of wire and oral communications to defendants and their counsel in connection with the preliminary examinations and detention hearings. In addition, the government respectfully moves this court for authorization to produce additional sealed applications and related orders dated March 8, 2006 and April 19, 2006 that pertain to visual, non-verbal communications.

4. In addition, because there are safety concerns related to the three Cooperating Witnesses (CW's) in this case, and because the investigation in this case is ongoing, the government requests that the Court direct that the release of the applications, affidavits, and court orders, as well as other reports and investigative materials to be turned over in connection with the probable cause and detention hearings, be disclosed to defendants and their counsel be subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for

no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above; and (e) that violation of this Order may result in the imposition of civil and criminal sanctions.

WHEREFORE, the government respectfully moves this Court for an order directing that certain sealed affidavits, orders and applications dated March 8, 2006; April 19, 2006; July 18, 2006; August 22, 2006; and October 19, 2006 authorizing the interception of wire and oral communications, be provided to defendants and their defense counsel, as contemplated by Title 18, United States Code, Section 2518(9), subject to the protective order described above, in connection with the probable cause and detention hearings in this case. The government also respectfully moves this Court to order that other investigative materials, including certain sealed affidavits, orders, and applications dated March 8, 2006 and April 19, 2006, as well as other investigative reports, be turned over in connection with the probable cause and detention hearings in this case subject to the protective order described above.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:

RACHEL M. CANNON
KRUTI TRIVEDI
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
312-353-5323/5357